The STATE ex rel. MILLER, Pros. Atty., Appellee,

v.

STAR STRUCK, INC., a.k.a. Trabue Books, et al., Appellants.

[Cite as *State ex rel. Miller v. Star Struck, Inc.* (1996), 112 Ohio App.3d 49.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE01–16.

Decided June 25, 1996.

**50**

---

*Michael Miller,* Franklin County Prosecuting Attorney, *Keith McGrath, Matthew H. Chafin* and *Bonnie L. Maxton,* Assistant Prosecuting Attorneys, for appellee.

*Sirkin, Pinales, Mezibov & Schwartz, H. Louis Sirkin* and *Laura A. Abrams;* and *J. Michael McGinley,* for appellants.

---

CLOSE, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas finding the Trabue Road adult bookstore to be a nuisance and ordering its closure.

The Franklin County Prosecuting Attorney, plaintiff-appellee, brought this action under R.C. Chapter 3767, seeking to enjoin the operation and maintenance of the adult bookstore located at 3615 Trabue Road. The complaint alleged that lewdness, assignation, or prostitution existed or was permitted to exist. Named as defendants were appellants, the real property located at 3615 Trabue Road; the property owner, Mark E. Wolfe; the corporate tenant, Star Struck, Inc., a.k.a. Trabue Books; and the sole owner of the corporation and operator of the premises, Brenda Redman.

Following a hearing on appellee's requests for temporary and permanent injunctions, the trial court issued a decision finding the operation to be a nuisance and permanently enjoining each of the named appellants from maintaining it. Additionally, the trial court imposed a $300 statutory tax and further ordered all personal property seized and the premises closed for a period of one year.

Appellants filed a motion for a new trial, which the trial court overruled. On appeal, appellants bring the following assignments of error:

"Appellants' First Assignment of Error

"The trial court erred in determining that the plaintiff-appellee had proven by clear and convincing evidence that the Trabue Bookstore constituted a nuisance in violation of R.C. Chapter 3767 warranting the issuance of an injunction.

"Appellants' Second Assignment of Error

"The trial court abused its discretion in closing the entire bookstore instead of merely closing the arcade area determined to be a nuisance."

In their first assignment of error, appellants claim that the trial court erred in finding that a nuisance existed because the incidence of illegal activity was infrequent compared with other operations which were found to be nuisances. Appellants further allege that the trial court erred in finding them guilty of maintaining a nuisance because appellants had taken active steps to prevent the illegal activity and, consequently, appellants lacked the requisite degree of culpability.

A prior injunction enjoined a similar operation involving the same premises and same premises owner. This court affirmed that injunction and the individual sanctions in *State ex rel. Miller v. Trabue Rd. Bookstore* (Dec. 24, 1991), Franklin App. No. 91AP–770, unreported, 1991 WL 274885. Brenda Redman began operating her business, Trabue Road Books, after the *Miller* injunction had expired. Apparently, certain "safeguards" were instituted, and it is on this basis that all appellants deny culpability and deny that the new operation created a nuisance. The trial court found that the "safeguards" primarily involved efforts on the part of employees to keep the premises clean of semen stains.

Upon review, we find that appellants' argument that sexual activity was too infrequent to create a nuisance lacks merit. Samples of semen, packages of personal lubricants, and soiled towels and tissues were collected from the viewing booths and an adjoining closet during the various investigations. The trial evidence further revealed that the owners and operators of the establishment attempted to clean up semen after customers finished using the viewing booths. In fact, the bookstore's clerk sat ready with a mop and bucket to wipe each area after use. Additionally, the clerk was provided with and, in fact, used a black

light to find (by fluorescence) semen stains. That more evidence was not collected does not necessarily indicate that the prohibited sexual activity was infrequent. On the contrary, it appears that more evidence would have been acquired had it not been for appellants' cleanup efforts. Cleaning supplies and activities are tools of concealment, not of prevention. We find that the elements of a nuisance were established by clear and convincing evidence.

The next portion of appellants' argument claims the evidence fails to prove any culpability on their part. R.C. 3767.02 specifies those persons who may be found guilty of maintaining a nuisance. The degree of culpability necessary to find guilt under R.C. 3767.02 was succinctly identified in *Miller*, as requiring no more than recklessness. *Miller* at 4. The trial court found, and we agree, that not only were appellants reckless, they actually knew that sexual activity was occurring in the viewing booths.

Appellant Wolfe, as owner of the Trabue Road premises, was named a defendant in *Miller* and found guilty of maintaining a nuisance. This court found that, notwithstanding any strict liability, sufficient evidence revealed not only that Wolfe, as the premises owner, was reckless in realizing sexual activity was occurring, but that he likely knew what was going on based on testimony regarding the conditions of the bookstore and Wolfe's ability to "come and go on the premises." The record in the case *sub judice*, taken as a whole, supports a finding that there was sufficient circumstantial evidence to permit a reasonable inference that Wolfe had the ability to "come and go on the premises" and, thus, had knowledge of the sexual activity. Thus, we find no error in holding Wolfe guilty of maintaining the nuisance here, Trabue Road Books, which was operated on the same premises under similar conditions.

With respect to appellant Redman, the trial court found it obvious that she was aware of and permitted the activities which took place in the viewing booths. The court expressly rejected her testimony and other employees' testimony denying knowledge of these activities. We will not disturb that factual finding, as it is supported by the evidence and establishes, by clear and convincing evidence, that Redman knowingly permitted the sexual activity to continue. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276.

In any event, the facts in this case are similar to those in *State ex rel. Rear Door Bookstore v. Tenth Dist. Court of Appeals* (1992), 63 Ohio St.3d 354, 363, 588 N.E.2d 116, 124, where the Ohio Supreme Court found that the operators of the business had aided and abetted the nuisance because (1) tokens were sold by store employees, who therefore knew customers were about to use the arcade

area; (2) store clerks emptied waste baskets and, therefore, were alerted to the presence of used tissues; and (3) semen stains found in the booths were visible (here, retail clerks used a black light to quickly identify those stains).

While appellants dispute the frequency of occurrence, the evidence indicates that sexual activity was an ongoing occurrence and not just an isolated event. Further, it is apparent that appellants were not only reckless, they actually knew sexual activity was occurring on the premises. Appellants' first assignment of error is overruled.

■ Appellants allege, in their second assignment of error, that the trial court erred in closing the entire premises rather than closing only the offensive portion, which was the arcade area where the viewing booths were located.

The trial court, however, specifically found "the entire premises are a part of the nuisance; not because of any claim by the state that the books and videotapes are obscene, but because the arcade operation was controlled from the retail premises and was intimately involved in the sexual activity which took place in the booths. The arcade was not set up as a separate entity."

The trial court's findings are supported by the following evidence. The viewing booths required a minimum of $3 in tokens. Patrons would purchase the tokens in the retail area and the retail clerk would then admit those patrons into the arcade area. Videos were rented in the retail portion of the store for use in the adjacent arcade. The clerk's responsibilities covered both the retail and arcade portions of the premises. These responsibilities included not only replacing stock and making sales in the retail area, but also policing the arcade and disinfecting booths in the arcade after patrons left.

■ As in the first assignment of error, appellants' argument essentially challenges the factual findings of the trial court. The evidence clearly supports the trial court's finding that the entire premises was a nuisance. This court will therefore defer to the trial court as trier of fact. *Seasons Coal.* In any event, the statute permits a court to limit its closure order but does not require the court to do so. *State ex rel. Miller v. Nu–Look Bookstore* (Apr. 30, 1991), Franklin App. No. 90AP–939, unreported, 1991 WL 70131.

Appellants' second assignment of error is overruled.

Appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PETREE, P.J., and LAZARUS, J., concur.